MISSOURI, KANSAS & TEXAS RAILWAY CO. v. D. B. CONNELLY.

Delivered October 17, 1896.

1. **Railway Crossing Street—Condition of Approaches—Charge of Court—Harmless Error.**
In an action against a railway company for injury resulting from defective conditions in the approaches to its track, where it crossed the street, the court charged that it was the duty of the company to keep the crossing so as not to impair the usefulness of the street as a public highway, and that this would require it to keep the necessary approaches to the crossing in like condition. Held, that although the statute requires that railway companies shall construct their tracts across a street or highway in such manner "as not to unnecessarily impair its usefulness, and shall keep such crossing in repair," yet as the evidence raised no issue as to whether it was necessary for the company to have left the crossing in the condition it was in at the time of the injury, the charge was not misleading.

2. **Same—Approaches a Question of Fact.**
What constitutes an approach to a railway crossing, either in a city or the country, is a question of fact, and is to be determined by the jury from the circumstances surrounding each case.

3. **Charge of Court—Defensive Matter—Request.**
Where a charge of court is desired upon a phase of the case which presents defective matter, it should be requested.

APPEAL from Grayson. Tried below before Hon. T. J. BROWN.

*R. C. Foster* and *A. E. Wilkinson,* for appellant.—1. The second paragraph of the court's charge which required the receivers to keep the crossing of their railroad over Houston street in such repair as not to impair its usefulness as a public highway imposed a greater burden on the defendants with respect to the condition of the said crossing than the law requires, and was error to their prejudice. Rev. Stats., art. 4170; Railway v. Able, 72 Texas, 150; People v. Railway, 89 N. Y., 266; 10 Am. & Eng. R. R. Cas., 230.

2. The second paragraph of the charge of the court was erroneous in requiring of a railway company whose track was laid in the street of a city, that it should keep the approaches to said crossing in such public street in good condition. The same imposing upon said company, as applied to the evidence in this case, a liability with respect to the condition of the street outside of the limits occupied by their track, which is not imposed upon them by law, and which they have no lawful means or authority to discharge. Rev. Stats., arts. 4170, 4173, 414, 375, 376;

Act of March 24, 1885, ch. 47; Railway v. Greenlee, 62 Texas, 347; Railway v. Nolan, 53 Texas, 139; People v. Railway, 52 Mich., 277; State v. Railway, 42 Am. & Eng. R. R. Cas., 248.

[No brief for appellee reached the Reporter.]

RAINEY, ASSOCIATE JUSTICE.—*Statement.*—This action was brought by appellee against appellant for injuries alleged to have been occasioned to appellee by the negligence of appellant in not properly constructing its crossing of a street in Sherman, Texas; the allegations of plaintiff's petition being that while he was driving a wagon loaded with flour across said railway track along Houston street in said city of Sherman, by reason of the defective crossing, approaches thereto and a hole in said street, his team and wagon fell into said hole and threw plaintiff from his wagon into said hole in the street, whereby plaintiff received serious injuries. Judgment was rendered below for appellee, from which the railway company has appealed.

*Conclusions of Fact.*—Appellant's railway track was laid in Branch street and crossing Houston street at its intersection with Branch street. At this point the injuries are alleged to have occurred. The track had been laid but a few days at the time; it had been raining and the streets were very muddy—being a sort of loblolly. West of the railway track on Houston street, ten or twenty feet away from the track, there was a wooden bridge across a small branch. There was a mud hole on the west side of this bridge, said mud hole being worn out by the wheels of wagons, and also a mud hole between the railway track and said bridge. Plaintiff was driving a load of flour from the mill along Houston street, crossing the railway track from east to west. He was sitting on top of the load of flour sacks which were piled up on top of the float or dray, and kept in position only by their own weight.

The evidence was conflicting as to whether the plaintiff fell on the track as the wagon reached the east edge of the crossing, or after it had crossed the track in the mud hole between the track and the wooden bridge, or in the mud hole still west of the bridge. In support of the judgment, however, we find plaintiff's version of the affair to be correct, as follows: That he was thrown from his wagon at the crossing of Houston street over Branch street (the one in which the railway track was laid) by the jolt caused by the wheel of his wagon striking the rail in attempting to drive upon the track. That the street was muddy, and the space left between the ends of the planks which were laid outside of the rail and into which his wheel entered and struck against the rail. His testimony was corroborated by another witness.

*Conclusions of Law.*—There is only one assignment of error made by appellant, and that complains of that paragraph of the court's charge which instructs the jury as to the duty of the railway company in con-

structing and keeping in repair its crossings and approaches thereto. The portion of the charge complained of is as follows: "It was the duty of Eddy & Cross, as receivers of the Missouri, Kansas & Texas Railway Company, while operating and controlling the same, to keep the crossing of such railway over Houston street in the city of Sherman so as not to impair its usefulness as a public highway, and this would require of them to keep the necessary approaches to the said crossing in like condition."

Appellant makes two propositions under this assignment. The first one of which we will notice is as follows: "The second paragraph of the court's charge which required the receivers to keep the crossing of their railway over Houston street in such repair as not to impair its usefulness as a public highway, imposed a greater burden on defendants with respect to the condition of said crossing than the law requires, and was error to their prejudice."

We agree with appellant that the duty imposed by this charge is not strictly the law, yet, we are of the opinion that the error was harmless. Article 4170, Sayles' Revised Statutes, requires that corporations constructing their railways across streets and highways shall do so in such a manner "as not to unnecessarily impair its usefulness, and shall keep such crossing in repair." This evidently contemplated that in constructing such crossings it would in some cases necessarily impair the usefulness of said street or highway, and such corporation is only bound to construct its crossing so as to impair as little as possible the usefulness thereof. Railway v. Able, 72 Texas, 150.

We take it in this case, however, that the question as to whether it was necessary or not for the company to have left its road in the condition in which plaintiff claims that it was so left, was not an issue in the case, as there was no testimony introduced to that effect. If the testimony of plaintiff is correct as to the true condition of the railway track, it cannot be contended that it was necessary for the railway company to have left the crossing in that condition. Appellant's testimony was to the effect that the crossing was in good condition. The issue was clearly drawn as between the testimony of the plaintiff and that of the defendant in regard to the condition of the crossing. The court in a paragraph of its charge instructed the jury under what circumstances plaintiff would be entitled to recover, in which the jury were told that if they believed that said crossing was in a reasonably safe condition, plaintiff could not recover. Under the facts, and the charge of the court, we are of opinion that the jury were not misled by the paragraph of the charge complained of.

The second proposition made by appellant is that the "second paragraph of the charge of the court was erroneous in requiring of a railway company whose track was laid in the street of a city that it should keep the approaches to such crossings in such public streets in good condition, the same imposing upon said company, as applied to the evidence in this case, a liability with respect to the condition of the

street outside of the limits occupied by their track which is not imposed upon them by law, and which they have no lawful means or authority to discharge."

We do not think there was error in this portion of the court's charge. Under appellee's testimony, he was hurt by reason of the failure of the railway company to so construct the crossing, or the immediate approach thereto, in such a manner as that a vehicle could run over the rail without causing a severe jolt.   It was the duty of the railway company to so construct its track as to prevent such a contingency.   The place where appellee alleged that his wagon dropped into the mudhole was immediately contiguous to a rail at the crossing, and whether or not it was the approach or the crossing, was a question for the jury.   What constitutes an approach to a railway crossing either in a city or the country, is a question of fact, and is to be determined from the circumstances surrounding each case.

As to the contention of appellant that appellee was hurt by his wagon running into a mud hole in the street and constituting no part of the approaches to the crossing, was defensive matter; and if a charge was desired upon that phase of the case, it should have been requested.   As to what portion of the street was under the control of the city of Sherman, and what the respective rights and duties are in relation to the crossings of streets and railways in cities, we deem it unnecessary to consider, as under the facts of this case we do not feel called upon to do so.

We further hold that, under the facts of this case, this portion of the charge, if error, is harmless; for the reason that the court, in its charge instructing the jury under what circumstances the plaintiff could recover, limited the right of recovery to a defective crossing, and no mention was made therein of a defective approach, and such charge was not calculated to mislead the jury.

We think the evidence justifies the verdict; and there being no reversible error in the charge, the judgment of the court below is affirmed.

Writ of error refused.                                   *Affirmed.*